# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2020

Lyle W. Cayce
Clerk

No. 19-31000

Joe D. Magee; Joann Fulmer Magee,

*Plaintiffs—Appellants*,

*versus*

BPX Properties (N.A.), L.P., *formerly named* BHP Billiton Petroleum Properties (N.A.), L.P.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CV-2097

Before Wiener, Costa, and Willett, *Circuit Judges*.

Per Curiam:*

The district court granted summary judgment for the defendant in this suit alleging delayed royalty payments for oil and gas leases. Finding no reversible error in the court's substantive or procedural rulings, we affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-31000

Because of legal disputes about the lessor's mineral ownership, the lease tied the 30-day obligation to make payments to the Lessee "being furnished with a certified copy of the instrument or instruments disposing of such suit, claim or dispute, or [] being furnished with proof sufficient, in Lessee's opinion, to settle such question."  After the relevant litigation ended, Plaintiffs sent a letter to Defendant requesting payment.  But Plaintiffs concede that they never sent the required certified copy of the court judgment. So Plaintiffs' claim of untimely payment relies on the second clause.  Their problem is that the contract says that it is in the eyes of the Defendant whether there is "proof sufficient" to eliminate concerns about disputed rights and require prompt payment.  Even if, as Plaintiffs contend, a general duty of good faith places some limits on the discretion that provision vests in Defendant, nothing in the record would support a finding that Defendant acted in bad faith.  Defendant did not ignore the Plaintiffs' request for payment; before making payment Defendant twice communicated with Plaintiffs, explaining that it was verifying the court ruling and that its legal team "wanted to be sure the right people are being paid for the right time periods" in light of an expired servitude.

Plaintiffs also appeal some district court rulings limiting discovery, arguing that they might have been able to obtain information that would show Defendant had "proof sufficient" to require payment. The district court repeatedly granted protective orders limiting Plaintiffs' broad and vague discovery requests on various grounds, including relevance, reasonableness, and privilege.  We see no abuse of discretion in those rulings.

The standard of review also resolves Plaintiffs' final argument.  Three years into the lawsuit, Plaintiffs tried to file an amended pleading to allege not that the payment was late but that it was improperly calculated.  The district court ruled that Plaintiffs did not show good cause for seeking to add new allegations well after the scheduling order's deadline for doing so (and well

No. 19-31000

after the factual basis for the new allegations came to light).  That ruling was not an abuse of discretion.

The judgment is AFFIRMED.